[S. F. No. 4419.    Department Two.—April 13, 1906.]

In the Matter of the Estate of JOSEPH SHEPPARD, Deceased.  LAFAYETTE SHEPPARD, Appellant, v. A. B. KENDALL et al., Respondents.

WILL—UNDUE INFLUENCE—REVOCATION OF PROBATE—PLEADING—JUDGMENT DISMISSING PROCEEDINGS.—A petition seeking the revocation of the probate of a will which contains nothing more than a general statement that undue influence was exercised over the testator, and fails to aver any facts showing that the testator was compelled to do that which was not his will to do, and which procured an instrument which did not express his free intention, does not state facts sufficient to constitute a cause of action for the revocation.  In such a case, the trial court properly rendered judgment on the pleadings, dismissing the proceedings for the revocation of the probate.

ID. — AMENDMENT OF PETITION FOR REVOCATION — DISCRETION. — The allowance of amendments to pleadings is mostly within the discretion of the trial court, and where the amendments to a petition for the revocation of a will are not offered until after the expiration of a year from the probate, their denial would not be a ground for reversing a judgment dismissing the proceeding for revocation unless the circumstances showed very extreme abuse of discretion.

APPEAL from a judgment of the Superior Court of Mendocino County dismissing a proceeding for the revocation of the probate of a will.  J. Q. White, Judge.

The facts are stated in the opinion of the court.

William A. Coulter, and McNab & Hirsch, for Appellant.

T. L. Carothers, L. G. Morse, John A. Percy, and John W. Preston, for Respondents.

McFARLAND, J.—On February 1, 1904, the probate court made an order admitting a certain written instrument to probate as the last will of Joseph Sheppard, deceased.  Afterwards, on December 5, 1904,—within the year allowed by section 1327 of the Code of Civil Procedure for contesting a will which had been probated,—Lafayette Sheppard, claiming to be son and heir at law of said deceased, filed a petition for

the revocation of the said probate of said will. The executors and other interested parties answered the petition; and the matter coming on regularly to be heard by the court on May 23, 1905, the defendants moved the court for judgment on the pleadings that the proceeding for the revocation of the probate be dismissed; and after due hearing the court made an order granting the motion and dismissing the petition. From this order this present appeal is taken by said Lafayette.

The order appealed from was granted upon the ground that the said petition does not state facts sufficient to constitute a cause of action, or any ground for the revocation of the said probate of the will. The only averments in the petition of grounds for the revocation are as follows: "Your petitioner alleges that the making, signing and publishing of said paper purporting to be the last will and testament and codicil thereto, of the said Joseph Sheppard, deceased, was procured through the undue influence, prejudice and imposition from and by Isabel Sheppard, the stepmother of petitioner, and from and by Mrs. E. C. Reed, one of the many relatives of the said stepmother who were not related to decedent, but who are beneficiaries and legatees under said alleged last will.

"That the said Mrs. E. C. Reed, on the death of petitioner's said stepmother, continued and repeated the said undue influences, prejudices and impositions, and made use of her confidential relations with the said Joseph Sheppard, as his constant companion and professional nurse, during a long period to and at the time of making said alleged will, when the mind of said Joseph Sheppard was weak and enfeebled from the infirmities of age and disease, to repeat and continue to prejudice and unduly influence the said Joseph Sheppard against your petitioner, and to unduly and unjustly influence the said decedent in making and executing the said alleged will, and by such prejudice and undue influence did procure the making of said alleged will and codicil."

In our opinion, the trial court did not err in holding these averments insufficient. Of course, there is no hint in the petition of any legal ground for revocation other than that of "undue influence"; but undue influence is averred only in general terms as a conclusion of law, and that kind of averment is fatally defective. Undue influence is a legal conclusion to be drawn from certain facts, and the facts must be

pleaded. In *Estate of Gharkey*, 57 Cal. 279, the court say: "When the grounds of contest embrace duress, menace, fraud, undue influence, . . . such matters, not being ultimate facts, but conclusions of law to be drawn from facts, must be pleaded, not in the language of the statute, but the facts (not evidence of the facts) relied on must be stated, and issues relating thereto submitted to the jury, to the end that the court, either upon demurrer to the statement of the grounds of contest, or upon the verdict, may determine whether, as matter of law, such facts so pleaded or found constitute a valid reason why the proposed paper should not be admitted to probate." In the case at bar the averments in the petition—waiving the objection that they are nearly all merely recitals and not positive allegations—amount to nothing more than a general statement that undue influence was exercised over the testator; there are no averments of facts which compelled him to do that which was not his will to do, and procured an instrument which did not express his free intention.

At the time the order appealed from was made the appellant did not ask to amend, but previously to that time, on April 3, 1905—which was more than one year after the order admitting the will to probate—appellant made a motion to be allowed to file certain offered amendments, which was denied on May 9, 1904; and appellant contends that the refusal to allow these amendments was error, which can be considered on this appeal. The contention is not maintainable. The allowance of amendments to pleadings is mostly within the discretion of the trial court, and when the amendments to a petition for the revocation of a will are not offered until after the expiration of a year from the probate, their denial would not be reversed unless the circumstances showed very extreme abuse of discretion—which does not here appear. Moreover, the offered amendments, if allowed, would not have supplied the defects of the original petition.

It is contended that the court erred in denying appellant's motion for a continuance of the trial; but that matter is immaterial if, as we hold, the court was right in rendering judgment on the pleadings.

The order appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.