## ESTATE OF CHARLES M. YATES.

[No. 7454 (N. S.); March 10, 1911.]

Will.—Undue Influence is a Legal Conclusion to be deduced from facts, and these facts should be pleaded, the allegation being as positive, precise and particular as the nature of the case will allow stated in ordinary and concise language, and directed to the testamentary act.

Will.—A Mere Averment of Undue Influence as a conclusion is equivalent to the absence from the petition of anything looking to an issue of that nature.

Will—Undue Influence.—If a Petition Contains an Insufficient Allegation of undue influence, an amendment directed to curing this defect, made after the statute of limitations has attached, would be the same as a fresh petition.

Amended application to revoke probate of will and contest and opposition to probate of same.

Motions to strike out certain portions of application and contest.

Demurrer to application as to the count alleging undue influence on the ground that the cause of contest was barred by the statute of limitations, not having been set forth in the original contest, but being set forth for the first time in the amended contest filed after the expiration of the statutory year allowed for the initiation of a contest.

Lent & Humphrey, for contestant, Charles M. Yates, Jr.

M. W. McIntosh, for Lizzie Imogene Keys and others, respondents.

Stratton & Kaufman, for Mercantile Trust Company, executor, and others, respondents.

COFFEY, J. The motions to strike out should be granted for the reasons urged by the respondents.

As to the demurrers to the allegation of undue influence.

The will was admitted to probate by this court on March 31, 1909. On March 31, 1910, the contestant herein, Charles M.

Yates, filed his opposition and contest to said will and the probate thereof, on grounds of unsoundness of mind of decedent at the time of its alleged execution; failure to execute said purported will in the manner required by law, and that said will and its execution was obtained by or through undue influence exercised over and upon said testator at the very time of the making and execution of the said last will and testament of said decedent.

To this original opposition and contest, two demurrers were filed in June, 1910, one by Lizzie Imogene Keys, Ruth Keys, a minor, by Lizie Imogene Keys, her guardian, and by Roscoe Smith, named as proponents in said contest or opposition; the other demurrer was filed by the Mercantile Trust Company of San Francisco, executor of the will in question, Jessie Maud Stephens and Bartlett Stephens, a minor, by Jessie Maud Stephens, his guardian, also named as proponents in said contest or opposition. The grounds of these demurrers were, in substance, that the contest did not, as a whole, or as to any of the separate causes of opposition, state facts sufficient to constitute a ground of contest for revocation of probate of said will; the demurrer of the Mercantile Trust Company, executor, and others, further objecting that the third ground of contest—undue influence—did not state of what the alleged undue influence consisted, or by whom it was exercised.

Thereafter, pursuant to leave of court, contestant, in August 1910, filed an amended opposition or contest, in which the same grounds were alleged as in the original opposition or contest, stating of what the undue influence consisted, and by whom it was exercised.

In September, 1910, said proponents demurred to the amended opposition and contest upon the same grounds as set forth in the previous demurrers. At the same time, both groups of proponents filed motions to strike out portions of the amended opposition or contest. The portions so sought to be stricken were allegations in the undue influence count referring to certain deeds alleged in the amended contest to have been executed by decedent as the result of undue influence exerted over him by said Lizzie Imogene Keys, but which were not executed until long after the will. No point was made in

these new demurrers as to the principal ground now urged, against the amended opposition, viz., that contestant is barred from asserting the amended ground of undue influence because, as proponents claim, the amendment alleges a new cause of action.

After these last demurrers and motions to strike out had been partially argued before the court and on briefs, but not finally submitted, both groups of proponents, in October, 1910, filed amended demurrers and amended motions to strike out. These further amended demurrers and motions were in substance the same as those originally filed to the amended opposition, with the exception that said new demurrers and the new motion to strike out filed by Mercantile Trust Company et al., raised the point, that the third ground of amended opposition or contest, alleging undue influence exerted over decedent by Lizzie Imogene Keys in the execution of the will in question, and the manner in which that influence was exercised, was barred by the statute of limitations, not having been set forth in the original contest, but being set forth for the first time in the amended contest, filed after the expiration of the statutory year allowed for the initiation of contest.

The original contest as to undue influence contained no sufficient or any averment of fact. It said simply "that the said will and the execution thereof was obtained by or through undue influence exercised over and upon said testator at the very time of the making and execution of the said last will and testament of said deceased." There is no fact here alleged; no specification or suggestion of any fact which constrained testator to act contrary to his will or which induced him to execute an instrument which did not express his free intention. There is only a general statement of a conclusion of law without premises from which that deduction must be drawn. That kind of averment is fatally defective.

Undue influence is a legal conclusion to be deduced from certain facts and those facts must be pleaded. The allegation should be as positive, precise and particular as the nature of the case will allow, stated in ordinary and concise language and directed to the testamentary act; but there must, at all

events, be a specification of facts of some sort to point the conclusion of undue influence.

Unless there be such statement, the mere averment of a conclusion is equivalent to an entire absence of a contest on that issue; the space on paper occupied by it is a blank in contemplation of law and nothing can follow from it in legal judgment.

In a contest prior to probate, this omission may be supplied by what is called an "amendment" or amended contest, really a new contest, but after probate it may not be done when the term prescribed by statute for instituting a contest has expired, because when there is a total failure to make an allegation of any fact constituting a cause of action there is nothing to "amend"; amendment signifies correction or rectification of something in legal pre-existence, but in this case in the original contest there being no allegation of fact whatever there was nothing upon which an amendment could operate.

Such a so-called amendment is the same as filing a new petition after the statute of limitations had run against it.

Each count is in itself a separate complaint of contest, and although there may be three or four combined in one paper or petition, each is distinct from the others; one may be totally bad, another simply deficient, the latter may be corrected by amendment after the year, but the former, never having had legal vitality, cannot be called into existence in guise of amendment.

In other words, the failure to aver any fact constituting undue influence makes void the charge, for such a charge is in effect no complaint or ground of contest and leaves nothing to amend, and any attempted amendment coming in after the statutory period subsequent to original probate constitutes a new cause of action and is on that ground obnoxious to the demurrer interposed, which is sustained.

This is in accord with the California cases cited, as the court apprehends them.

In the Estate of Wilson, 117 Cal. 267, 49 Pac. 172, 711, decision in department, McFarland, J., said that "the part of the amendments to the Wilson written contest which set up fraud should have been stricken out, because the amendments

were made more than a year after the probate of the will, and, as the alleged fraud was a new cause of action, it could not be set up for the first time after the expiration of the year. Appellants also contend that the court erred in allowing Wilson amendments made after the year on the subject of undue influence. In the original, undue influence was charged against McConnachie, which was averred to consist in 're- porting to her false, scandalous reports concerning the con- duct of the said John Wilson'; but the nature of the reports was not stated, and in the amendments it was stated what those reports were, and also that undue influence was exer- cised by Michael and Mary Curran. The point of appellants is, that these amendments state new matters which could not be set up after the expiration of the year. This contention of appellants cannot be maintained as to the amendments about the alleged undue influence of McConnachie; it was a mere amplification of the original charge, and may properly be considered as simply a more definite statement of what had been formerly averred. But the point must be sustained as to the averment in the amendment about the undue influence alleged to have been exercised by Michael and Mary Curran; these averments are not amendatory or explanatory, or in amplification of anything alleged in the original, but are state- ments of entirely new matters, constituting another and inde- pendent cause of contest, which could have been presented only within a year after the probate. Therefore, the de- murrer to these should have been sustained, or they should have been stricken out or disregarded.''

Temple, J., concurred; Henshaw, J., concurred in the judg- ment and, also, in the opinion except that he thought that: ''the amendments to the charge of undue influence whereby such influence is alleged to have been exercised by Michael and Mary Curran did not add a new ground of contest.''

A petition for a hearing in bank was denied, but the court modified the original opinion of Mr. Justice McFarland by striking out that part thereof which declares that the amend- ment to the written contest which charges undue influence on the part of Michael and Mary Curran was improperly allowed. ''On further consideration we are of the opinion that the

amendment may be considered as only an amplification of the original charge on that subject.''

These last remarks of the appellate tribunal do not apply to the case at bar, for in that matter there was a fact stated in the original contest to which some other facts were added in the amended contest thus amplifying or making more definite the original allegation of fact, but here we have no fact alleged originally and, hence, nothing to amplify or enlarge. The Estate of Sheppard, 149 Cal. 219, 85 Pac. 312, opinion also by Justice McFarland, fully sustains this contention.

A petition seeking the revocation of the probate of a will which contains nothing more than a general statement that undue influence was exercised over the testator, and fails to aver any facts showing that the testator was compelled to do that which was not his will to do, and which procured an instrument which did not express his free intention, does not state facts sufficient to constitute a cause of action for the revocation. In such a case, the trial court properly rendered judgment on the pleadings, dismissing the proceedings for the revocation of the probate.