[S. F. No. 5770.   Department Two.—March 18, 1912.]

## PATRICK McKENNA et al., Appellants, v. MARY McKENNA et al., Respondents.

UNDUE INFLUENCE—PLEADING—SUFFICIENCY OF COMPLAINT—SETTING ASIDE ASSIGNMENT OF BANK DEPOSIT.—In an action to set aside the gift or assignment of a savings bank deposit on account of the undue influence of the assignee, the complaint, as against a general demurrer, states a cause of action, if it alleges excessive infirmities of mind and body of the assignor, specific false representations by the assignee, and the successful accomplishment of a fraud growing out of this alleged undue influence in inducing the assignor to execute the gift and assignment without an understanding of the act.

ID.—HOW UNDUE INFLUENCE SHOULD BE ALLEGED.—In pleading undue influence it is not sufficient merely to state the nature of the undue influence, but the facts should be alleged with certainty and expressly connected with the transaction sought to be invalidated.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Costello & Costello, and A. W. Brouillet, for Appellants.

Breen & Kelly, for Respondents.

HENSHAW, J.—A general demurrer to the second amended complaint was sustained; plaintiffs, declining to amend, suffered judgment, and from that judgment prosecute this appeal.   The action was to avoid a gift or assignment of

twenty-eight hundred dollars on deposit in the Hibernia
Savings & Loan Society, the property of Catherine Styles or
Catherine McKenna, which moneys, shortly before her death,
she gave ·to defendant Mary McKenna through the medium
of an assignment of her bank book. It is alleged that Cath-
erine Styles was at the time 74 years of age and so greatly
enfeebled in mind as to have become "childish, and unable
at times to talk or to knowingly understand the ordinary
affairs of life, or to understand or to transact business"; that
she was living with Mary McKenna; that plaintiffs were
relatives and next of kin of Catherine Styles and had been
upon terms of friendly relationship with her; that Mary
McKenna, for the purpose of inducing the deceased Catherine
Styles to make this assignment, falsely and fraudulently repre-
sented to her that the plaintiffs willfully neglected her and
were without natural affection for her, and that their only
object in maintaining friendly relations with her was for the
purpose of sharing in the disposition of her property. The
known falsity of these statements is charged against Mary
McKenna. It is further alleged that Catherine McKenna,
besides being infirm of mind and body, was without education,
could not read or write, and while thus enfeebled was induced
by Mary McKenna to make her cross to the assignment by
way of affixing her signature thereto; that Catherine McKen-
na, when she so made her cross as· a subscription to the as-
signment, did not know or understand the contents of the
instrument, and did not know or understand the significance
of the act which she was induced to perform, and finally
that, save for this influence so exercised by Mary McKenna
over this debilitated mind, she would not have executed the
purported assignment. In support of the judgment thus ob-
tained, respondents cite a list of authorities from this state,
with the declaration that they show that in pleading undue
influence it is not sufficient merely to state the nature of the
undue influence, but the facts should be alleged with certainty
and expressly connected with the transaction sought to be
invalidated; allegations that influence was overpowering, or
that a party was unable to resist, without an allegation of
the facts supporting such conclusions, are not sufficient. It is
further declared that these authorities show that undue in-
fluence, to invalidate a transaction, must amount to force or

coercion destroying the free agency as to such transaction, and that the exercise of such undue influence upon the very transaction must be shown. All this is quite true. Still we think that the complaint states sufficient facts to pass a general demurrer. In *Estate of McDevitt*, 95 Cal. 17, [30 Pac. 101], it is said: "I think the concluding sentence, 'that at said date, and while in said condition, and unable to resist the importunities of said Andrew, deceased made his mark to said pretended will,' sufficiently connects the alleged undue influence with the testamentary act." In *Motz* v. *Motz*, 136 Cal. 558, [69 Pac. 294], there will be found a discussion of the ease with which an aged person of impaired physical and mental powers may be coerced by the "secret machinations and importunities of designing persons who in the guise of love and friendship have surrounded him and administered to his wants as life and reason have gradually ebbed away." In *Estate of Sheppard*, 149 Cal. 219, [85 Pac. 312], relied upon by respondents, the allegation was that Mrs. Reed "when the mind of said Joseph Sheppard was weak and enfeebled from the infirmities of age and disease, continued to repeat and continued to prejudice and unduly influence the said Joseph Sheppard against your petitioner." There was in that case no allegation of any facts as to the nature, character, or form of the undue influence, or the charges or accusations against the petitioner which were assumed to have coerced the testator's mind. In the pleading before us there are the infirmities of the mind and body of the deceased alleged, the false representations are specifically set forth, and the successful accomplishment of a fraud growing out of this alleged undue influence in inducing Catherine McKenna to execute a gift and assignment, without an understanding of her act.

The judgment appealed from is therefore reversed, with directions to the trial court to overrule the demurrer, with leave to the defendants to answer within such time as may to the said court seem advisable.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.