[Civ. No. 809.   Second Appellate District.—May 13, 1910.]

## ISIDOR SALMONSON, Appellant, v. L. STREIFFER, Respondent.

IMPROPER DEFAULT AND JUDGMENT—VACATION—EXCEPTION TO SURE-
TIES ON ATTACHMENT BOND NOT AN APPEARANCE.—Where no sum-
mons was served upon the defendant, the mere exception by defend-
ant to sureties on an attachment bond cannot constitute an appear-
ance in the action, or authorize the entry of the default of the
defendant, or of a judgment by default against him, and the court
properly vacated such default and judgment by default, on motion
of the defendant, on the ground that the court never acquired juris-
diction of his person.

ID.—APPEARANCE, HOW CONSTITUTED.—Under section 1014 of the Code
of Civil Procedure, "A defendant appears in an action when he an-
swers, demurs or gives the plaintiff written notice of his appear-
ance, or when an attorney gives notice of appearance for him."
This statute was intended to settle all disputes as to what consti-
tutes an appearance. There can be no chance for argument about
equivocal acts not constituting either of those enumerated.

ID.—EXCEPTION TO SURETIES INVOLVING NO APPEARANCE IN COURT.—In
excepting to the sufficiency of sureties on an attachment bond, the
defendant is not required to appear in court. The notice of such
exception does not contemplate the appearance of the sureties in
court for any purpose. It merely contemplates the duty of the
plaintiff to justify, not before the court, but before the judge or
clerk thereof, and in case of failure so to do, the judge or clerk
must issue an order vacating the writ of attachment.

ID.—NOTICE OTHER THAN EXPRESS NOTICE OF APPEARANCE NOT EFFEC-
TIVE AS AN APPEARANCE.—The giving of any mere notice other
than the express notice of appearance provided for in section
1014 of the Code of Civil Procedure cannot be effective to con-
stitute a notice of appearance.

APPEAL from an order of the Superior Court of Los Angeles County, vacating a default and a judgment by default. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Isidore B. Dockweiler, for Appellant.

Goldberg & Meily, for Respondent.

SHAW, J.—Plaintiff appeals from an order of court granting defendant's motion to set aside his default and vacate the judgment rendered thereon against him. ·

Respondent assigns several grounds upon which he insists the record herein is not entitled to be considered upon this appeal for any purpose. We deem it unnecessary to pass upon this contention, for the reason that, accepting the record at appellant's valuation thereof, it discloses no error in the ruling of the court.

As appears from the transcript the complaint was filed November 9, 1908. No summons was ever served upon defendant. On November 13, 1908, defendant caused to be served upon plaintiff's attorney a notice as follows: "You and each of you will please take notice that the defendant herein hereby excepts to the sufficiency of the sureties upon the undertaking heretofore given by said plaintiff in said action to secure an attachment therein, and demands that said sureties justify as required by law. Goldberg & Meily, Attorneys for Defendant." On December 14th, in the absence of service or filing of any other documents on behalf of defendant, the clerk entered defendant's default, the ground assigned therefor being that defendant had been regularly served with process and had failed to appear and answer plaintiff's complaint. Judgment followed upon the same date. Thereafter, pursuant to notice duly given, defendant made his motion to set aside the default and vacate the judgment upon the ground that the court never obtained jurisdiction of the person of the defendant. This motion was granted.

Appellant contends that excepting to the sufficiency of the sureties upon the undertaking, notice of which was served upon plaintiff, constituted a voluntary appearance in the ac-

tion on the part of defendant. We cannot assent to this proposition.

Section 1014, Code of Civil Procedure, provides: ''A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance or when an attorney gives notice of appearance for him.'' In *Vrooman v. Li Po Tai*, 113 Cal. 305, [45 Pac. 471], the court, through Mr. Justice Temple, in discussing the effect to be given under this provision to stipulations extending defendant's time to answer, says: ''But it is contended by respondent that by taking and filing the stipulation extending the time to answer, and by accepting and acting upon the agreement to grant successive extensions in consideration of certain payments made, defendant appeared in the action. Section 1014 of the Code of Civil Procedure defines what shall constitute an appearance. A defendant appears in an action when he answers, demurs, or gives written notice of his appearance, or when an attorney gives notice of an appearance for him, and he can appear in no other way. This statute was intended to settle all disputes upon the subject. There can be no chance for argument about equivocal acts. . . . There was no need of a statute to tell us that the acts specified would constitute appearance. The occasion for a rule was to dispose of questions upon which there might be dispute.'' There is no ambiguity or uncertainty in the statement made by the learned judge to the effect that the purpose of the rule was to dispose of questions upon which there might be dispute. While the statute requires the notice of appearance by defendant in *pro. per.* to be a written notice, such requirement is not exacted when the notice is given for him by an attorney. In such case, it need not necessarily be in writing. It may be given by the act of appearing in open court upon an application for affirmative relief which could only be granted upon the hypothesis that defendant had submitted himself to the jurisdiction of the court. (*Security etc. Co. v. Boston etc. Co.*, 126 Cal. 418, [58 Pac. 941, 59 Pac. 296].) The mere giving of a notice of a motion to be made at a certain time and place for the dissolution of an attachment issued in the cause would not constitute such an appearance. In *Glidden v. Packard*, 28 Cal. 649, it was expressly held that the notice of a motion to dissolve an attachment did not constitute an appearance

authorizing the entry of defendant's default. If, however, pursuant to such notice, the attorney appears in court and makes the motion, such act on the part of the attorney would be sufficient to constitute notice of appearance. In excepting to the sufficiency of sureties defendant is not required to appear in court. Such notice does not even contemplate his appearance therein for any purpose; neither does it contemplate an application to the court for any relief whatsoever. The giving of it imposes upon the plaintiff the duty of having the sureties, or others in their place, justify, not before the court, but before the judge or clerk thereof, and in case of failure so to do, the judge or clerk must issue an order vacating the writ of attachment. In *Steinbach* v. *Leese*, 27 Cal. 295, the court, in discussing this section of the code, says: "The words 'answer' and 'demurs' are obviously words of enumeration, and we cannot, on received principles, interpolate into the text notices of motion for new trials, notices of appeal, nor any other paper served incidentally in the conduct of judicial proceedings, the direct and principal purpose of which is, not to give notice of appearance, but to give notice of a step taken or about to be taken in the cause."

In our judgment, excepting to the sufficiency of sureties upon an undertaking is in no, sense an appearance in the action wherein the attachment is issued. To so hold would not only violate the express provisions of section 539, Code of Civil Procedure, but impose a penalty upon the defendant, whether resident or nonresident, by requiring him to subject himself to the jurisdiction of the court as a condition of exercising the right conferred by statute.

The order appealed from is affirmed.

Allen, P. J., and Taggart, J., concurred.