CONCRETE PUB. CO. v. REED et al.

(Supreme Court, Special Term, Erie County. November, 1910.)

1. PARTIES (§ 95*)—DEFECTS—AMENDMENT.

In an action by the Concrete Publishing Company, a motion was made to amend the summons and complaint by striking out the words "Publishing Company" and inserting in their place the word "Age," on the ground that the former name was used inadvertently and by mistake. The publishing company and The Concrete Age were wholly distinct foreign corporations. *Held*, that Code Civ. Proc. § 723, allowing the court to order an amendment by adding or striking out the name of a party, or by correcting a mistake therein, did not authorize the relief prayed, which amounted to the substitution of an entirely new sole plaintiff.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 160–166; Dec. Dig. § 95.*]

2. PROCESS (§ 48*)—AMENDMENT—SERVICE—NECESSITY.

After amending process by adding a new defendant, the amended process must be served on the new party to bring him under the jurisdiction of the court.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 46. 47, 55; Dec. Dig. § 48.*]

Action by the Concrete Publishing Company against W. Ewing Reed and another. On motion to amend summons and complaint. Motion denied.

George E. Spring, for the motion.
John Knight, opposed.

BROWN, J. The attorney for the plaintiff contends that in preparing the summons and complaint he inadvertently and by mistake used the words designating the above-named plaintiff as the plaintiff, instead of the words "The Concrete Age," and invokes the power of the court specified in section 723 of the Code to make an amendment by adding or striking out the name of a party, or correcting a mistake in the name of a party, to change the name of the plaintiff from "The Concrete Publishing Company" to that of "The Concrete Age."

The defendant asserts that the court has no such power; that such an amendment would be to change the plaintiff; that a cause of action alleged to be in favor of a certain designated plaintiff cannot, after discovery that such cause of action was, at the time of the commencement of the action, the property of another person, be continued in favor of the newly discovered plaintiff by such an amendment. Attention was called upon the argument to many cases bearing upon the power of this court, under the statute referred to, to amend the summons and complaint by correcting mistakes in names of persons, and to change the designation of persons and corporations relative to the capacity in which they were parties to the action; but attention has not been called to any authority for the proposed substitution of this new plaintiff. The fact is that the present plaintiff is a foreign corporation, duly organized under the laws of the state of Michigan, that this corporation has had dealings with the defendants resulting in an action in which these defendants joined issue, a trial was had,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and a judgment rendered in favor of this plaintiff in May, 1910. On the 26th day of August, 1910, this action was commenced by the service of a summons and complaint, in which complaint the plaintiff alleged certain dealings of the same character as those alleged in the complaint in the prior action. The defendants answered, denying all allegations of the complaint. We therefore have the Concrete Publishing Company in court alleging a cause of action which, if successfully prosecuted to a judgment, would in no wise prevent the true plaintiff from prosecuting the same claim to judgment.

The Concrete Age, which is sought to be made plaintiff by the proposed amendment, is a foreign corporation, duly organized under the laws of the state of Georgia. It is not pretended that this last-named corporation is in any manner a party to this action, or that the court has any pretended jurisdiction of it. It has not come into this court in this action. It is not the case of the service of the process of the court upon the proper officer of a corporation and the incorrect naming of the corporation as a party defendant. There is nothing whatever to indicate that the Concrete Age is in any wise connected with the action. The fact that accompanying the summons and complaint was an undertaking executed by the Concrete Age to secure the defendant's costs in an action entitled the Concrete Age against the defendants does not establish that the Concrete Age was the plaintiff in this action, or intended to be the plaintiff in this action.

To grant the amendment asked for is to make the Concrete Age the plaintiff, awarding it all the advantages of having commenced its action on the 26th day of August, 1910. It did not, in fact, come into this court on that day under an improper designation of its corporate name or otherwise. It can only come into this court and institute an action against these defendants by serving upon them a summons in which it is named as plaintiff. No amendment is necessary to enable the Concrete Age to commence its action. It is not in any manner bound by anything that has transpired in this action. When it does get into this court, then the court can exercise the powers prescribed by section 723 of the Code of Civil Procedure. Even the amendment of a summons bringing in a new party defendant has never been held to be of any validity until such process was served upon such new party, and, as to such new party, the action is deemed to be commenced on the day of such service on such new party.

In Ward v. Terry, etc., 118 App. Div. 80, 102 N. Y. Supp. 1066, the amendment of striking out the word "Construction" in the name of the defendant was allowed for the reason that process was served on the corporation by delivery to the vice president. The complaint apprised him of the fact that the proper corporation was the one served, and that the amendment did not bring in a new party.

Motion must be denied, with $10 costs.