[Civ. No. 1258.  Third Appellate District.—March 9, 1915.]

CATHERINE ALTPETER et al., Respondents, v. POSTAL TELEGRAPH–CABLE COMPANY (a Corporation), Appellant.

ACTION AGAINST CORPORATION—PLEADING—MISTAKE AS TO DEFENDANT—AMENDMENT—SUBSTITUTION OF PARTY—MOTION TO SET ASIDE JUDGMENT—ABUSE OF DISCRETION.—In an action against a corporation, where in the title the name of the corporation was given without stating where incorporated, but in the body of the complaint the defendant was described as a corporation organized under the laws of the state of New York, and it was duly served with summons, filed its answer, and appeared on the trial through its attorney, but upon the introduction of evidence it appeared that the alleged trespass sued for was committed by persons in the service of a corporation of the same name organized under the laws of California, which was entirely disconnected from the other corporation, and had not been served with summons or made an appearance, it was error for the court to allow the complaint to be amended by substituting therein the word "California" for "New York" in the name of the defendant, and to direct the trial to proceed without any representative of the defendant; and it was an abuse of discretion to refuse

26 Cal. App.—45

to set aside a verdict and judgment against the California corporation, upon its application for relief under section 473 of the Code of Civil Procedure.

ID. — AMENDMENT — CHANGE OF CAUSE OF ACTION — SUBSTITUTION OF PARTY.—It is well settled that an amendment of the original pleading is not allowable which changes the cause of action therein set forth; nor can a different defendant be substituted for the defendant originally sued where there is no joint or privity of interest; and the rule is the same where the defendant is a corporation, there being no distinction made between natural and artificial persons in respect to such amendment.

ID.—APPEARANCE—MANNER OF MAKING.—A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance or when an attorney gives notice of appearance for him. An appearance may also be made in an action by acts other than those enumerated in the statute, but they must be of an unequivocal character showing a submission to the general jurisdiction of the court, such as calling for some affirmative relief.

ID.—LACK OF APPEARANCE.—In such a case where all the proceedings in which the attorney for the New York corporation appeared occurred before the amendment of the complaint and before the California corporation was made a party to the action, at which time this attorney withdrew, it cannot be held that the attorney's conduct constituted an appearance for the California corporation.

ID.—MOTION TO VACATE JUDGMENT—SECTION 473 CODE CIVIL PROCEDURE. Among other grounds for relief, section 473 of the Code of Civil Procedure provides that when from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative at any time within one year after rendition of any judgment in such case, to answer the merits of the original action.

APPEAL from an order of the Superior Court of Yolo County denying a motion to vacate a judgment. N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

Willard P. Smith, and B. B. Blake, for Appellant.

E. E. Gaddis, for Respondents.

CHIPMAN, P. J.—Defendant moved to set aside and vacate the judgment rendered in favor of plaintiffs on the ground that defendant was not served with summons and

did not appear in the action. The motion was denied and defendant appeals from the order.

It appeared that when the action was commenced there existed two corporations bearing the same name, one organized under the laws of the state of New York and one organized under the laws of the state of California. They will be referred to hereafter as the New York corporation and the California corporation, respectively. In the title of the action the name of the corporation was given without stating where incorporated, but in the body of the complaint the defendant was described as "a corporation organized and acting under and by virtue of the laws of the state of New York." This corporation had then on file, in the office of the secretary of state, a copy of its articles of incorporation and had also filed a statement designating the name and residence of the person or agent upon whom process could be served,—namely, J. K. Beede of Sacramento, who was served with summons as such designated agent. The articles of incorporation of the California corporation were, of course, on file in the same office whence issued the certificate of the secretary of state showing that it had been duly incorporated, and a copy of these articles was in the hands of plaintiffs' attorney and was introduced in evidence by him and showed that the principal place of business of the corporation was in San Francisco and that there were three directors or trustees, two of whom resided in Berkeley, Alameda County, and one in Fruitvale, said county, and that they were the subscribers to all of the shares of the corporation. Beede was an employee of the California corporation.

The New York corporation having been duly served with summons, its attorney, Mr. L. T. Hatfield, filed an answer to the complaint and appeared when the case was called for trial. The action was for damages caused by the alleged cutting down of trees in front of plaintiff's premises by defendant's employees. When the first witness was called it appeared from his testimony that the persons engaged in the alleged trespass were in the service of the California corporation and were not acting for or by authority of the New York corporation and were not in any way connected with that corporation. Thereupon followed the proceedings which have given rise to this appeal. The upshot was that the court allowed the complaint to be amended by striking out the words "New

York" and inserting in lieu thereof the word "California" and, as thus amended and after Mr. Hatfield had withdrawn from the case disclaiming any authority to appear for the California corporation, the court directed the trial to proceed, no one representing the defendant, and the jury brought in a verdict against the substituted defendant, the California corporation. It is from the judgment on this verdict that the defendant seeks to be relieved and to be given an opportunity to be heard upon the merits.

If the two corporations were distinct and separate entities the court was unauthorized to allow the complaint to be amended, as was done, and to order the trial to proceed in the absence of any service upon the California corporation and without its being represented or having made an appearance.

It is well settled that an amendment of the original pleading is not allowable which changes the cause of action therein set forth (*Hackett* v. *Bank of California,* 57 Cal. 335; *Bowman* v. *Wohlke,* 166 Cal. 121, 128, [Ann. Cas. 1915B, 1011, 135 Pac. 37] ; nor can a different defendant be substituted for the defendant originally sued where there is no joint or privity of interest (*Dubbers* v. *Goux,* 51 Cal. 153; *Sterrett* v. *Barker,* 119 Cal. 492, [51 Pac. 695]) ; and the rule is the same where the defendant is a corporation; there is no distinction made between natural and artificial persons in respect of such an amendment (*Northern Ry. of Alabama* v. *McCall,* 89 Ala. 375, [7 South. 650] ; *Denver & R. G. R. Co.* v. *Loveland,* 16 Colo. App. 146, [64 Pac. 381] ; *Concrete Publishing Co.* v. *Reed,* 70 Misc. Rep. 22, [126 N. Y. Supp. 653]).

All the proceedings at the trial are made part of the record now here on the appeal. It is quite evident that plaintiffs' attorney was of the opinion that because both corporations had the same name the fact that one was organized and existed under the laws of the state of New York and the other under the laws of California so simple an amendment as striking out the words "New York" from the complaint and inserting the word "California" was allowable, and, to strengthen his view he introduced witnesses, who were officers and employees of the California corporation, to show the identity of the two corporations in point of fact. It appeared from the testimony very clearly that the two corporations were as distinct and separate as any two persons could be who were born of

different parents and happened to have the same name. It did not appear that the two corporations had any officers or employees in common. There was an entire failure to establish any identity between the two others than in their name. After some interchange of opinion between counsel and the court the court took the matter under advisement until the afternoon session. At the opening of court Mr. Hatfield stated: "Of course, if there is an amendment allowed which results in dismissing this defendant, naturally we have no objection, but any orders involving any other parties to the action, we insist should include an order dismissing the defendant who is in court. There is no representation of any other defendant here and we do not propose to appear for them or anything of the kind so the making of any orders should be upon the theory that there be a dismissal or nonsuit to the New York corporation." Mr. Hatfield was then called by plaintiffs as a witness, apparently for the purpose of showing that he was at that time the attorney for the California corporation and Mr. Beede was called by plaintiffs and interrogated as to his employment. So far as concerns Mr. Hatfield it appears elsewhere, as will presently be shown, as well as from his testimony that he had no authority to appear for the California corporation and he frequently stated in the course of the proceedings that he appeared only for the defendant served with summons. Mr. Beede's employment was with the California corporation and he had no other except that, as has already been stated, he had been designated by the New York corporation as the person on whom service of process might be made. Some discussion ensued between counsel in which Mr. Hatfield again insisted that he was not appearing for the California corporation and that he had no authority to appear for it; "that counsel for plaintiffs was notified almost immediately that he had sued the wrong party. There is no surprise in this case."

"The Court: The only question on which I am in doubt is whether or not the plaintiff has been put upon inquiry here as to whether or not he had not sued the wrong party by this answer. . . .

"Mr. Gaddis: He simply told me that we had sued the wrong party without giving us any other information at all.

"Mr. Hatfield: You admit that you were notified that you had sued the wrong party?

"Mr. Gaddis: Yes, but that wouldn't mean anything."

The Court then stated: "I shall have to strike out the name of New York and substitute the name of California in the pleadings."

"Mr. Hatfield: Then we ask to have a formal order made showing that the New York corporation is dismissed.

"The Court: The motion to amend will be granted. . . .

"Mr. Gaddis: I want both corporations before the court and then I will know where I stand. It seems to me I am entitled to have that. . . .

"Mr. Hatfield: We want the record so we will know what it is, if the New York corporation is stricken out.

"Mr. Gaddis: I want both corporations in.

"Mr. Hatfield: There is no such application before the court.

"Mr. Gaddis: There is no reason why this corporation should be stricken out. Why does Mr. Hatfield exercise such diligence?

"Mr. Hatfield: Because it is my business." After some remarks by the court and counsel—

"Mr. Gaddis: All I ask is to amend that and do that by interlineation.

"Mr. Hatfield: We object to any interlineation. . . .

"The Court: I understood your motion to be a motion to amend by striking out 'New York' and substituting 'California.'

"Mr. Gaddis: Yes, sir.

"Mr. Hatfield: We would like the court's instruction on the effect of that.

"The Court: The ruling is that the motion is permitted that it be done on the face of the record; striking out the word New York and substituting the word California on the face of the record. The clerk will make the order striking out the word New York on the face of the record and insert the word California.

"Mr. Hatfield: We take an exception. Are there any terms?

"The Court: I see no occasion for any. You are not before the court.

"Mr. Hatfield: I would ask for an order dismissing the case as to the Postal Telegraph Cable Company of New York.

"The Court: There is no such defendant in the case and never has been. I am taking your words exactly as they were given. The Postal Telegraph Cable Company of New York, there is no such company as I have seen.

"Mr. Hatfield: I never said anything of the kind. (The reporter reads the remark of Mr. Hatfield as follows: I would ask an order dismissing the case as to the Postal Telegraph Cable Company of New York.)

"The Court: That is not a party before the court.

"Mr. Hatfield: I understand, and I respectfully suggest that we withdraw from the case. · If we are not before the court we are not here.

"The Court: That is a different proposition and that is not before the court.

"Mr. Hatfield: Then we will retire and we do not intend any disrespect to the court. If the California corporation is the defendant in this case we have no appearance for it and no authority to appear.

"The Court: You will not be bound by the proceedings whether you remain or not.

"Mr. Hatfield: If we made a defense I think we would.

"The Court: Your presence or absence doesn't alter the situation.

"Mr. Gaddis: I am sorry to see you go.

"The Court: I will state now you have a jury here and the jury will have to be disposed of.

"Mr. Gaddis: I expect to go ahead and put in the case with your honor's permission." (At this point Mr. Hatfield leaves the courtroom.)

The trial then proceeded and several witnesses were sworn and testified and counsel offered in evidence the articles of incorporation of the California corporation. The record then reads: "(At this point Mr. Hatfield returns into court.)"

"Mr. Hatfield: I would like to have ten days in which to prepare a bill of exceptions, ten days' additional time.

"The Court: I will grant you the order of ten additional days.

"Mr. Gaddis: Inasmuch as there is no appearance on the other side I will have to read these articles of incorporation."

We think any fair interpretation of what took place leads to the conclusion that Mr. Hatfield had no authority to appear for the California corporation; that he did not intend

to appear for it and did not in fact so appear. The contention of plaintiffs' counsel at the hearing was that he had a right to amend and in this view he was sustained by the court. The amendment was not allowed nor was it asked on the theory that Mr. Hatfield appeared for the California corporation. ''The only question is,'' said the court, ''the question to amend which seems to me to be proper, there is nothing else before the court.''

Mr. Hatfield, throughout the proceeding, distinctly stated that he did not appear for the California corporation and had no authority to appear for it. And that he had no such authority appears by the uncontradicted affidavits, submitted with the motion, of J. G. Blake, president of that company, William Hearn, vice-president, S. Elberg, secretary and treasurer, and also by Mr. Hatfield's affidavit. Mr. Blake deposed ''that during all said time he was the only person authorized to employ attorneys for said corporation defendant. That affiant never at any time employed, retained, or instructed L. T. Hatfield, Esq., or any other attorney or any other person to represent the said defendant in the above-entitled action until after the return of the verdict by the jury at the trial of said action; that after the trial of said action, and after receiving notice of the result of said trial, affiant employed J. S. Spilman, Esq., as attorney for said defendant and L. T. Hatfield, Esq., as counsel . . . for the purpose of procuring relief from such judgment by having the same annulled or vacated or set aside by such proceedings as they might be advised to be proper in the premises.'' He also deposed that J. K. Beede ''is not and never has been, an officer or a managing agent of the defendant corporation''; that he ''is and at all times herein mentioned has been, the chief operator and in charge of the company's telegraph station at the city of Sacramento; that he has not and never has had, any power or authority to transact any other business for or on behalf of the defendant corporation . . . or to accept service of process against or to appear for it in any court.'' With the motion was filed the verified answer of defendant in which answer, among other things, it denied having willfully or at all cut down or injured the trees mentioned in the complaint or that it has caused the plaintiffs or either of them the damage claimed or any damage.

"A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him." (Code Civ. Proc., sec. 1014.)   The supreme court has held that an appearance may be made in an action by acts other than those enumerated in the statute, but they must be of an unequivocal character showing a submission to the general jurisdiction of the court, such as calling for some affirmative relief.   Judge Temple, speaking for the court, said, in *Vrooman* v. *Li Po Tai,* 113 Cal. 302, 305, [45 Pac. 470] : "This statute was intended to settle all disputes upon the subject. There can be no chance for argument about equivocal acts. *State* v. *McCullough,* 3 Nev. 202, seems to be the other way, but the reasoning is far from satisfactory.   There was no need of a statute to tell us what acts specified would constitute appearance.   The occasion for a rule was to dispose of questions upon which there might be dispute."   See the subject considered in *Salmonson* v. *Streiffer,* 13 Cal. App. 395, [110 Pac. 144], where it was held that written objections filed to the sufficiency of the sureties upon the undertaking given by plaintiff, did not constitute an appearance.

It will be observed that all the proceedings during which "the course of conduct created by L. T. Hatfield," which, it is now claimed, constituted an appearance, took place before there was any amendment of the complaint and before the California corporation was made a party to the action.   He promptly withdrew as soon as the amendment was made. There was in fact no action pending against that corporation during these proceedings and it cannot with legal propriety be held that an appearance was made when no action was pending.

But aside from all other considerations, the undisputed fact is that Mr. Hatfield had no authority to appear for the California corporation and having taken steps within the statutory period for relief by the remedy afforded by section 473 of the Code of Civil Procedure, it seems to us, conceding that the learned trial judge had discretion to grant or deny the relief asked, it was an abuse of such discretion to deny it. *Baker* v. *O'Riordan,* 65 Cal. 368, [4 Pac. 232], was a case where an attorney at law assumed to represent the plaintiff at the hearing of a certain matter but had no authority to do so.   It was held that, irrespective of section 473, a court

of equity had power to set aside the judgment.   In *Merced County* v. *Hicks,* 67 Cal. 108, [7 Pac. 179], summons was not served on any of the defendants, but, at the request of one of them, an attorney signed a demurrer which on its face purported to be the joint demurrer of all of them.   But the attorney had no authority to appear for any of the defendants other than Hicks.   The court held that there was no appearance of the other defendants.   *Hill* v. *City Cab etc. Co.,* 69 Cal. 188, [21 Pac. 728], was a case where it appeared that judgment was obtained without service of summons. One S. D. Wood assumed to represent the defendant, but in fact had no power or authority to appear for or represent it. The court held the judgment to be void.

Section 473 of the Code of Civil Procedure, among other grounds of relief in certain cases, provides: ''When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after rendition of any judgment in such action, to answer to the merits of the original action.''

No question of estoppel arises here.   We think appellant has fairly shown its right to be heard on the merits.

The order is reversed with directions to grant defendant's motion and allow it to file an answer.

Hart, J., and Burnett, J., concurred.