[S. F. No. 11921. In Bank.—October 30, 1926.]

VINCENT WHITNEY et al., Petitioners, v. THE SUPERIOR COURT OF FRESNO COUNTY et al., Respondents.

[1] ATTACHMENT—ORDER RELEASING—COLLATERAL ATTACK.—An order of the superior court discharging an attachment and releasing property from the lien thereof which is valid upon its face and is final, no appeal having been taken therefrom, is not subject to a collateral attack.

[2] ID.—ORDER DISCHARGING ATTACHMENT—JURISDICTION—COLLATERAL ATTACK.—Where an order was made by the superior court discharging an attachment and releasing property from the lien thereof, upon the giving of an undertaking, which order upon its face is valid and is final, upon a motion thereafter made for the purpose of extending the time of the attachment lien an attempt to show that the order discharging the attachment was void because at the time it was made a motion for a change of place of trial was pending and therefore the court was without jurisdiction to make the order, is a collateral attack upon the order which cannot be maintained, as every presumption is in favor of the validity of the order and the jurisdiction of the court to make it.

[3] ID.—PRESUMPTION OF JURISDICTION.—In such a case, it will be presumed that the court at the time it made and entered its order discharging the attachment had jurisdiction to make and enter the same; and it will also be presumed that, although the order was apparently made upon the same day as the presenting and filing of a motion for change of place of trial, the order was made before the motion was presented.

[4] ID.—APPEARANCE OF DEFENDANT—RECITAL IN ORDER.—The fact that the court in the order discharging the attachment recited that the defendant had appeared in said action will not be held

to negative the application of the presumption of validity of the order and of jurisdiction, as a defendant may appear in several ways, and from said recital in the order it will be presumed that it had reference to defendant's appearance in open court for the purpose of making his motion for said order, and not to appear by answer or demurrer.

[5] ID.—PURCHASERS OF PROPERTY—STATUS AFTER RELEASE OF ATTACHMENT.—In such a case, after the release of the property from the lien of the attachment, the property was as free from the lien as if the attachment had never been levied, and grantees of the property after the entry of the order were entire strangers to the action and their rights could not be affected by the motion to revive the lien of the attachment.

[6] ID.—SECTION 542a, CODE OF CIVIL PROCEDURE—INSTRUCTION.— Section 542a of the Code of Civil Procedure has reference only to existing liens, and has no application to attachment liens which have either expired by operation of law, or have otherwise ceased to exist prior to the making of a motion for the extension thereof provided for in said section of the code.

[7] ID.—MOTION TO EXTEND ATTACHMENT LIEN—JURISDICTION—PROHIBITION.—An attempted or threatened exercise of power by a superior court or a judge thereof to make or enter an order reviving a discharged attachment or the lien thereof against or upon the property of persons who have purchased it since the making of a valid and final order discharging the attachment, is an act beyond the jurisdiction of the court or judge and prohibition will lie to restrain it.

[8] ID.—REMEDIES—APPEAL.—In such a case, the right of intervention, if it exists, by purchasers of the property is inadequate to protect them against the imposition of a lien upon their property which the court has no jurisdiction to create or impose, and therefore they have no plain, speedy and adequate remedy in the ordinary course of law which would defeat their right to a writ of prohibition.

[9] ID.—CERTIORARI.—A writ of *certiorari* will not issue at the instance of applicants therefor who were not parties to the action, the proceedings in which are sought to be reviewed thereby.

(1) 6 C. J., p. 334, n. 62.   (2) 6 C. J., p. 334, n. 62.   (3) 6 C. J., p. 334, n. 62; 40 Cyc., p. 155, n. 47, 48.   (4) 4 C. J., p. 1340, n. 99 New; 6 C. J., p. 334, n. 62.   (5) 6 C. J., p. 336, n. 75.   (6) 6 C. J., p. 273, n. 70 New.   (7) 32 Cyc., p. 604, n. 32, p. 610, n. 84.   (8) 32 Cyc., p. 617, n. 16, 17.   (9) 11 C. J., p 134, n. 98.

5.  See 3 Cal. Jur. 516.
9.  See 4 Cal. Jur. 1087.

APPLICATION for a Writ of Prohibition to restrain a Superior Court from hearing a motion to extend an attachment lien. Writ granted.

The facts are stated in the opinion of the court.

Walter E. Drobisch, Sweet, Stearns & Forward for Petitioners.

Wright & McKee, Gallagher, Simpson & Hays and Redman & Alexander for Respondents.

RICHARDS, J.—Petitioners herein apply for a writ of prohibition to be directed to the respondents herein, having for its purpose the restraining of the respondent court and the judge thereof from hearing and determining a motion made by the plaintiff in a certain action for an order of said court extending the time of an attachment lien pursuant to section 542a of the Code of Civil Procedure. The facts upon which the application is predicated and which are not in dispute are the following: On December 1, 1922, M. Blum & Company, a corporation, commenced an action in the Superior Court in and for the city and county of San Francisco against one Eric Larson to recover the sum of $12,980.33, alleged to be due for services performed, cash advanced and.on an account stated. An attachment was regularly issued in said action and levied upon certain parcels of land belonging to Larson situate in the county of San Diego. On December 11, 1922, Larson and his wife, for a valuable consideration, conveyed the title to said property to El Cajon Vineyards Incorporated, and the latter on December 26, 1922, conveyed the title to the same property to the Valley Bank of Fresno, a corporation, as trustee for the purpose of securing payment of certain bonds issued by said El Cajon Vineyards Incorporated. Thereafter the defendant Larson in said action presented an undertaking in due form of law for the release of said attachment and thereupon and upon notice duly given to the plaintiff in said action presented said motion to said superior court, which thereupon, after the attorneys for said plaintiff had waived further justification of the sureties upon said undertaking, on December 29, 1922, made an order discharging said

attachment and directing the sheriff of the county of San Diego to release the said real property and the whole thereof therefrom and from the lien thereof, and thereafter and on the third day of January, 1923, and pursuant to said order the said sheriff did release in writing said property from said attachment and from the lien thereof. No appeal was taken from said order and the same has long since become final. On the same day upon which the order of said court was made and entered discharging said attachment, namely, on December 29, 1922, the defendant Larson filed a demurrer to the complaint in said action, and also and at the time of filing thereof filed a notice of motion for change of place of trial of said action from the city and county of San Francisco to the county of Fresno, upon the ground that he was a resident of the last-named county, and which notice of motion was supported by the demand and affidavit required by law. Said motion came on for hearing January 12, 1923, in said court and was granted and said cause was by virtue thereof transferred to the county of Fresno, where it was subsequently tried and a judgment rendered therein in favor of the plaintiff against the defendant Larson for the sum of $14,318.02 and costs. Said judgment was entered on April 21, 1924, and no appeal was taken therefrom, nor were there any further proceedings had or taken in said action until November 1, 1925, when the plaintiff therein served and filed its notice of motion to extend the lien of said attachment, the granting of which motion is sought to be prohibited by the issuance of the writ applied for herein. In the meantime the El Cajon Vineyards Incorporated had defaulted in the payment of its aforesaid bonds, and on December 13, 1924, the Valley Bank of Fresno as trustee had, after proceedings taken as provided in its said deed of trust, sold said real property at trustee's sale to Messrs. Sprague, Tyler and Whitney, who are three of the petitioners herein, and who thereafter conveyed various parcels thereof to the other petitioners herein, with the result that the entire property which had been the subject of said attachment in said action is now owned by these petitioners, who are, respectively, purchasers for value thereof. The foregoing facts appear from the petition herein, and it further appears therefrom that said respondent court and the judge thereof is threatening to make, and

unless restrained by this court will make and enter, its order in said action granting the motion of the plaintiffs therein for an extension of the writ of attachment so as to effectuate a renewal thereof and the extension of its lien over and upon the said property herein, thereby creating a cloud upon their title to said property.

The respondents herein have filed no answer or other pleadings to the petition herein, but are relying upon the facts, very fully set forth in said petition, and which embrace in addition to the matters above set forth herein the papers and proceedings presented to said Superior Court upon the application for the extension of said writ of attachment and which, according to the contention of the respondents herein made orally at the time of the hearing upon this petition, are sufficient to justify the said Superior Court in making its proposed order, and hence are sufficient to compel a denial of the petition herein.

[1] The first contention which the respondents thus make herein is that the original order made and entered by said Superior Court discharging said attachment and releasing said property from the lien thereof was void, the basis of said contention being the attempted showing presented upon its motion for the said extension of said attachment, to the effect that at the time said court was applied to for said original order and at the time it made the same there had been filed in said action by the defendant Larson a notice of motion for a change of place of trial of said action, the effect of which, according to the respondents' contention, was to deprive said Superior Court of jurisdiction to make said order discharging the said attachment or to take any other action in said cause except to grant the motion for change of venue. The respondents rely for support in their said contention upon the cases of *Brady* v. *Times-Mirror Co.,* 106 Cal. 56 [39 Pac. 209], *Nolan* v. *McDuffie,* 125 Cal. 334 [58 Pac. 4], and *McClung* v. *Watt,* 190 Cal. 155 [211 Pac. 17]. An examination of the record herein, however, discloses that the original order of said court made and entered on December 29, 1922, discharging said attachment and releasing said property from the lien thereof is upon its face a valid order and that since no appeal was taken therefrom it has long since become final. This being so, said order is not subject to collateral attack. [2] The present assault

which the respondents seek to make upon said order is clearly a collateral attack, and against such attack every presumption is to be indulged in respecting the validity of such order and the jurisdiction of said court to make and enter the same at the time it did so. (*Crouch* v. *H. L. Miller & Co.,* 169 Cal. 341 [146 Pac. 880]; *Galvin* v. *Palmer,* 134 Cal. 426 [66 Pac. 572]; *Rowe* v. *Blake,* 112 Cal. 637 [44 Pac. 1084].) **[3]** This being so, we are bound to presume that the said court at the time it made and entered said order had jurisdiction to make and enter the same, and hence to presume that said order, although apparently made upon the same day as that upon which the defendant presented and filed his notice of motion for change of place of trial, was made and entered prior to the presentation and filing thereof, which otherwise, under the authorities cited by the respondent, would have deprived said court of jurisdiction. **[4]** The fact that said court in said order recited that the defendant had appeared in said action is not to be held to negative the application of this presumption, for the reason that there are several ways provided by law for the appearance of a defendant in an action. A defendant may appear in an action under the provisions of section 1014 of the Code of Civil Procedure, either by presenting his answer or demurrer, or by giving to the plaintiff written notice of his appearance. He may also appear by presenting himself in court and making a motion to dissolve an attachment. (*Salmonson* v. *Streiffer,* 13 Cal. App. 395, 397 [110 Pac. 144].) When, therefore, the said court recited in its original order the fact of the appearance of the defendant in said action it is to be presumed that it had reference to his appearance in open court for the purpose of making his motion for said order and not to his appearance therein by answer or demurrer when he presented his motion for change of place of trial. The respondents herein attempted to show by affidavit at the time of the presentation of the motion for an extension of the lien of said attachment that the action of said court in making said original order was taken after the filing of defendant's notice of motion for change of place of trial. But since such an attempt amounted to nothing more than a collateral attack upon the validity of said order it cannot be permitted to avail the respondents as against the conclusive presumption establishing the validity of said

order.   (*Canadian etc. Co.* v. *Clarita etc. Co.,* 140 Cal. 674
[74 Pac. 301] ; *Crouch* v. *Miller, supra.*)

[5]   Having thus determined that the original order of
said court discharging said attachment and releasing the
real property in question from the lien of said attachment
must be presumed to be a valid order, it follows necessarily
that the effect thereof was to render said property as fully
and completely free from such attachment process and from
the lien created by the levy thereof as though such attach-
ment had never been issued and such levy thereunder never
made.   In so far, therefore, as the grantees of said property,
either immediately or mediately, from said Larson, are con-
cerned, they must be held to have been after the entry of
said order, and especially after the same became final, entire
strangers to said action, having no further interest or con-
cern therein than they would have had had such action
been dismissed and ended contemporaneously with the
entry of said order or with the date of the finality thereof.
When, therefore, the plaintiff in said action attempted by
its said motion to obtain an order of said court purporting to
extend said attachment and to so revive the lien thereof as
to affect the aforesaid property of these petitioners or to
create or continue a lien thereon, it must find its warrant
for the exercise of such jurisdiction on the part of said
court or of the judge thereof either in the constitution or in
the statutes of this state investing said court with such juris-
diction.   The respondents asserted the right to make said
motion under the authority of section 542a of the Code of
Civil Procedure, which section has reference to the lien of
attachments and to the extension under certain conditions
of such attachment liens beyond the period provided in said
section at the expiration of which the lien shall cease.
[6]   A cursory reading of said section, however, will
show that it has reference only to existing liens and that
it has no application to attachment liens which have either
expired by operation of law or have otherwise ceased to
exist prior to the making of the motion for the extension
thereof provided for in said section of the code.   The re-
spondents do not rely upon any other statutory provision
than that above referred to as a justification for their said
motion, nor do they contend that said Superior Court pos-
sesses any constitutional power to impose the lien of an

attachment upon the properties of strangers to an action other than is provided for in said section of the Code of Civil Procedure. [7] It would seem to follow that the attempted or threatened exercise of power by said respondent court or by the judge thereof to make or enter an order reviving said discharged attachment or the lien thereof against or upon the property of the petitioners herein would be an act beyond the jurisdiction of said court or of the judge thereof, and that this being so the instant proceeding is one in which a writ of prohibition would properly lie.

[8] The respondents, however, make two further contentions against the issuance of said writ. The first of these is that the petitioners are not entitled to said writ for the reason that they have a plain, speedy and adequate remedy in the ordinary course of law, which remedy, according to respondents, consists in the right of the petitioners to intervene in the said action wherein said court is attempting or threatening to make said order, and to thereby protect themselves against the imposition thereof either at the time of its proposed entry or thereafter upon appeal. We are cited in support of this contention to the sections of the Code of Civil Procedure which relate to the subject of intervention. We do not feel called upon in the instant proceeding to determine whether said sections of the Code of Civil Procedure relating to intervention may be given application to an action or to the inclusion of parties therein after the entry of final judgment in said action against those who have theretofore been parties thereto, since we are of the opinion that the right of intervention, conceding it to exist in these petitioners, would be wholly inadequate to protect them against the imposition of a lien upon their property which the respondent court herein or the judge thereof has no jurisdiction to create or to impose. (*White* v. *Superior Court,* 126 Cal. 245, 247 [58 Pac. 450].)

[9] The further contention of the respondents herein is that the petitioners are not entitled to the issuance of this writ for the reason that they have a sufficient remedy through a writ of *certiorari,* and that in the case of *Hill* v. *Superior Court,* 21 Cal. App. 424 [131 Pac. 1061], it has been decided that the writ of prohibition should not ordinarily issue where *certiorari* will lie. A complete answer to this contention is, however, to be found in the decision of

this court that a writ of *certiorari* will not issue at the instance of applicants therefor who are not parties to the action the proceedings in which are sought to be reviewed thereby. (*Elliott* v. *Superior Court,* 144 Cal. 501, 506 [103 Am. St. Rep. 102, 77 Pac. 1109].)

Let the writ issue as prayed for.

Shenk, J., Seawell, J., Waste, C. J., and Finlayson, J., concurred.

Rehearing denied.