[S. F. No. 4563.   Department One.—April 29, 1908.]

## MARSHALL W. GROOM, Appellant, v. FRED. BANGS, Respondent.

ACTION FOR DEATH OF WIFE—MALPRACTICE OF PHYSICIAN—PLEADING— HEIRSHIP OF HUSBAND.—In an action by a husband to recover damages for the death of his wife, alleged to have been caused by the negligent malpractice of the defendant as her physician, the complaint need not expressly aver that the husband is the heir of his deceased wife, where it is alleged that she was his wife at the time of her death.

ID.—CERTAINTY OF CAUSE OF ACTION.—The cause of action is not uncertain. It is neither for injury to the wife nor to the husband in her lifetime; but is one cause of action only for damages to the

husband as heir of the wife, for a negligent injury causing her death.

ID.—AMENDED AND SUPPLEMENTAL COMPLAINT—NEW CAUSE OF ACTION —DISCONTINUANCE—DEMURRER WITHOUT OBJECTIONS—APPEARANCE ;—WAIVER OF IRREGULARITY.—Where the original complaint was by husband and wife for damages for bodily pain and injury caused by the alleged negligent and unskillful treatment of her by the defendant; and an amended and supplemental complaint stated a new cause of action by the husband alone for the negligent and unskillful treatment of the defendant causing her death, the filing of the same, was, in effect, a discontinuance of the former action, and the beginning of a new action for a new cause. Where the defendant, without objection, appeared to the new cause of action, and demurred to the new pleading, the irregularity in the mode of the procedure was waived; and objection thereto cannot be urged upon appeal for the first time.

ID.—SURVIVORSHIP OF ORIGINAL CAUSE OF ACTION.—IMMATERIAL QUES-TION.—The question whether or not the original cause of action survived to the husband on the death of the wife is immaterial. The original complaint was not before the court, and the sufficiency of the amended complaint upon demurrer, as to the right of the plaintiff to maintain the cause of action therein stated, is to be determined solely by its own allegations without reference to those in the original complaint.

APPEAL from a judgment of the Superior Court of Santa Clara County.  A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

William P. Veuve, and L. B. Archer, for Appellant.

Samuel G. Tompkins, for Respondent.

SHAW, J.—This is an appeal from a judgment after an order sustaining a demurrer to the complaint.

The complaint demurred to purports to state a cause of action in favor of Marshall W. Groom to recover damages alleged to have been sustained by him from the death of Hattie L. Groom, his wife. It alleges that she was, at all the times mentioned, his wife, that the defendant, a licensed physician, was employed by plaintiff to treat her, that she was thereupon placed under his care and that he was negligent, careless, ignorant, and unskillful, that in consequence of his ignorant, unskillful, negligent, and careless treat-

ment of her, the particulars whereof are set forth at length, she died, and that by reason of said negligent and wrongful acts resulting in her death the plaintiff has suffered damage in the amount of twenty-five thousand dollars. We cannot discern wherein the complaint lacks in the averments essential to a good cause of action by the husband, as an heir of the wife, for damages accruing by reason of her death occasioned by the wrongful act or neglect of another, a right of action expressly given by section 377 of the Code of Civil Procedure. It was not necessary to expressly allege that he was her heir. It is alleged that she was his wife at the time of her death, and as surviving husband, he would, under any ordinary circumstances, be her heir. (*Knott* v. *McGilvray,* 124 Cal. 129, [56 Pac. 789].) The respondent points out no particular wherein it is defective as a cause of action of that character.

One ground of demurrer was that the complaint was uncertain because it could not be ascertained therefrom whether the action was for damages to the wife during her lifetime, or for damages to the husband resulting from injuries to the wife. Another ground was that there was a misjoinder of actions, in that it stated a cause of action for each of the above-mentioned injuries. The only damage alleged is that to the husband resulting from the death of the wife. It could not be upheld as an action for damages caused either to the husband or wife during her lifetime. There is no such uncertainty, and but one cause of action is stated, namely, an action for damages to the husband as an heir of the wife, for a negligent injury causing her death.

The complaint we are here considering is designated an amended and supplemental complaint and was filed by leave of court. The original complaint, also appearing in the record, was filed before the death of the wife. In that complaint the husband and wife were both joined as plaintiffs and it stated a cause of action for damages to the wife from bodily pain and injury suffered by her caused by the alleged negligent and unskillful treatment of her by the defendant. The briefs discuss at length the question whether or not an action of that character survived to the husband upon the death of the wife. We deem the question immaterial. The original complaint is not before the court. The sufficiency of the amended complaint, upon demurrer, as to the point

of the right of the plaintiff to maintain the action, is to be determined solely by its own allegations, without reference to those of the original complaint. In the new complaint neither Hattie L. Groom, nor any one representing her interest, is joined as plaintiff. The husband is the sole plaintiff therein, he sues in his own right and he states a cause of action for an injury to himself alone arising from the death of the wife, an injury and cause of action which did not exist in her lifetime and which accrued only upon her death. It is a cause of action entirely different from that sued on in the original complaint. The filing of the amended and supplemental complaint was, in effect, a discontinuance of the previous action and the beginning of a new action for a new cause. This method of procedure was irregular, but no objection was made upon that ground. On the contrary, the defendant appeared to this new action and demurred to the new complaint, thus waiving process thereon. The proper practice, if the defendant did not wish to consent to the mode of proceeding, was to move to strike the new complaint from the files on the ground that it was not an amended or supplemental complaint, but stated a new and different cause of action. No such motion was made. The demurrer does not raise the point. It is a case in which the court had jurisdiction of the subject-matter and of the parties and where no objection was properly made in the court below to the manner of procedure by which the cause was brought before that court. In such cases the objection cannot be made for the first time on appeal. (*Santa Barbara* v. *Eldred,* 95 Cal. 381, [30 Pac. 562]; *Power* v. *Fairbanks,* 146 Cal. 613, [80 Pac. 1075]; *Hart* v. *Carnall-Hopkins Co.,* 101 Cal. 163, [35 Pac. 633]; *De Jarnatt* v. *Marquez,* 132 Cal. 702, [64 Pac. 1090].)

The judgment is reversed.

Angellotti, J., and Sloss, J., concurred.