[Civ. No. 12085. First Dist., Div. Two. Oct. 1, 1942.]

F. E. PAGETT, Appellant, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (a Corporation) et al., Respondents.

F. E. PAGETT, Appellant, v. AMERICAN SURETY COMPANY OF NEW YORK (a Corporation) et al., Respondents.

Harry G. Henderson for Appellant.

John Guthrie Heywood and Joseph G. DeForest for Respondents.

SPENCE, J.—Plaintiff appeals from two separate judgments of dismissal. The first of said judgments was entered in favor of defendant Indemnity Insurance Company of North America following the granting of said defendant's motion to strike the third amended complaint as to said defendant. The second of the said judgments was entered in favor of defendant American Surety Company of New York after the sustaining of said defendant's demurrer to the fourth amended complaint without leave to amend.

This action was filed on September 8, 1939. The original complaint contained but one count and judgment was sought against both defendants upon two surety bonds issued respectively by the two defendants above mentioned. The first and second amended complaints do not appear in the transcript. The third amended complaint contained nine counts, three of which were directed at defendant American Surety Company and six of which were directed at defendant Indemnity Insurance Company. After granting the motion of defendant Indemnity Insurance Company to strike the third amended complaint as to said defendant, the trial court entered its judgment of dismissal as to said defendant. Plaintiff filed two separate documents in said action, each of which was entitled "Fourth Amended Complaint." In one of said documents, Indemnity Insurance Company was named as the only defendant other than fictitious defendants. In the other of said documents, American Surety Company was named as the only defendant other than the fictitious defendants. The document entitled "Fourth Amended Complaint," and in which Indemnity Insurance Company was named as the only defendant, contained six counts similar to those directed against said defendant in the third amended complaint. As the action was dismissed as to Indemnity Insurance Company after the granting of said defendant's motion to strike the third amended complaint, the transcript shows no pleadings interposed by said defendant with respect to said purported fourth amended complaint. The document entitled "Fourth Amended Complaint," and in which American Surety Company was named as the only defendant, contained three counts similar to those directed against said defendant in the third amended complaint. Said defendant filed a demurrer to said fourth amended complaint interposing the plea of the bar of the two-year statute of limitations found in subdivision 3 of section 6 of the Corporate Securities Act. (See Stats. 1933, chap. 898, pp. 2308,

2315; Deering's Gen. Laws, 1937, Act 3814.) The trial court sustained the demurrer of said defendant to said fourth amended complaint without leave to amend and the judgment of dismissal in favor of said defendant followed.

### Appeal from the Judgment in Favor of Defendant Indemnity Insurance Company.

The motion of defendant Indemnity Insurance Company to strike the third amended complaint as to said defendant was granted upon the ground that said third amended complaint set up alleged causes of action against said defendant which were new and different from the alleged cause of action set up in the original complaint. It is therefore necessary to compare the two pleadings.

According to the allegations of the original complaint E. M. Lewis & Co. was engaged in the business of selling securities to the public. Pursuant to the requirements of the above mentioned subdivision 3 of section 6 of the Corporate Securities Act, defendants furnished surety bonds for said E. M. Lewis & Co. The bond of defendant American Surety Company was alleged to have been in effect from January 1, 1936 to January 5, 1937. The bond of defendant Indemnity Insurance Company was alleged to have been in effect from November 19, 1936 to September 17, 1937. The single count contained in the original complaint was based solely upon the alleged fraud of Harry Rostad, an employee of E. M. Lewis & Co., in obtaining from plaintiff for said E. M. Lewis & Co. a loan in the sum of $5,000 bearing 6% interest. It was alleged that said transaction occurred on September 29, 1936 and that the fraud consisted of a false representation by Rostad that Paul McDonald, who was known to plaintiff as an outstanding banker and business man, had made a similar loan in the sum of $10,000 to said E. M. Lewis & Co.

The third amended complaint, in the six counts thereof relating to defendant Indemnity Insurance Company, alleged that the bond of said defendant was in effect during the same period of time as that alleged in the original complaint, to wit: November 19, 1936, to September 17, 1937. The six counts thereof were based upon alleged acts of fraud other and different from the single alleged act of fraud on September 29, 1936, set forth in the original complaint. Count 1 was based upon an alleged act of fraud occurring on January 26, 1937, in connection with the alleged sale to plaintiff of a security for the sum of $3,000. Count 2 was

based upon an alleged act of fraud occurring on March 31, 1937, in connection with the alleged sale to Plaintiff of a security for the sum of $7,000. Count 3 was based upon an alleged act of fraud occurring on April 17, 1937, in connection with the alleged sale to plaintiff of a security for the sum of $3,000. Count 4 was based upon an alleged act of fraud occurring on April 29, 1937, in connection with the alleged sale to plaintiff of a security for the sum of $2,000. Count 5 was based upon an alleged act of fraud occurring on May 13, 1937, in connection with the alleged sale to plaintiff of a security for the sum of $1,000. Count 6 was based upon an alleged act of fraud occurring on June 4, 1937, in connection with the alleged sale to plaintiff of a security for the sum of $2,000. In each of said counts the alleged fraud consisted of the alleged false representation by Rostad at the time of each of said six transactions that said "transaction was a sound and prudent investment."

It appears entirely clear that the original complaint was insufficient to state a cause of action against defendant Indemnity Insurance Company. The single count thereof related to the single alleged fraudulent transaction occurring on September 29, 1936, and it was alleged that the bond of said defendant was in effect only from and after November 19, 1936. It appears equally clear that the third amended complaint sought to set up six new and different causes of action based upon other alleged acts of fraud occurring between January 26, 1937, and June 4, 1937, and in the period during which it was alleged that said defendant's bond was in effect. In each of said six counts of the third amended complaint, the fraud upon which the count was based consisted of a different fraudulent representation occurring on a different date and with respect to a different transaction from that involved in the single count of the original complaint.

It is well settled that a new and different cause of action may not be set up in an amended complaint and that the trial court should grant a motion to strike an amended complaint which sets up an entirely new and different cause of action. (See *Groom* v. *Bangs,* 153 Cal. 456 [96 Pac. 503] ; *Altpeter* v. *Postal Telegraph-Cable Co.,* 26 Cal. App. 705 [148 Pac. 241] ; *Union Lumber Co.* v. *J. W. Schouten & Co.,* 25 Cal. App. 80 [142 Pac. 910] ; 21 Cal. Jur. 199.) We are therefore of the opinion that the trial court properly granted

the motion of defendant Indemnity Insurance Company to strike the third amended complaint as to said defendant and properly entered the judgment of dismissal. (*Smith* v. *Ling,* 73 Cal. 72 [14 Pac. 390].)

### Appeal from the Judgment in Favor of Defendant American Surety Company.

The demurrer of the defendant American Surety Company to the fourth amended complaint was sustained upon the ground that the alleged causes of action set forth therein were barred. Said fourth amended complaint contained three counts against said defendant based upon three alleged fraudulent acts. Count 1 was based upon an alleged fraudulent act occurring on September 16, 1936. Count 2 was based upon an alleged fraudulent act occurring on September 29, 1936. Count 3 was based upon an alleged fraudulent act occurring on October 28, 1936. This action was not filed until September 8, 1939.

Subdivision 3 of section 6 of the Corporate Securities Act (see Stats. 1933, chap. 898, pp. 2308, 2316) provides, "Any person who sustains an injury covered by such bond, may in addition to any other remedy that he may have, bring an action in his own name upon said bond for the recovery of any damages sustained by him; provided, however, that no such action may be brought after the expiration of two years from and after the time when the act or default complained of may have occurred."

Defendant American Surety Company contends that said section provided a special two-year statute of limitations covering the time for the commencement of this action upon the bond, and that said statute, rather than the section relating to the general limitation on an action "on the ground of fraud" (Code Civ. Proc., § 338, subd. 4), was applicable. In our opinion this contention must be sustained. (*Glassell Dev. Co.* v. *Citizens' Nat. Bank.* 191 Cal. 375 [216 Pac. 1012, 28 A. L. R. 1427]; 16 Cal. Jur. 403-404.) But it is urged by plaintiff that while he did not bring the action within two years after any of the transactions occurred, he sufficiently alleged a case of fraudulent concealment and that the applicable statute did not therefore commence to run until the date of discovery, which date was alleged to have been November 15, 1937. Our examination of plaintiff's fourth amended complaint, however, leads us to the conclusion that the allegations relating to the claimed fraudulent conceal-

ment were insufficient within the rules set forth in *Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698 [16 P. (2d) 268]; *Lady Washington Con. Co.* v. *Wood,* 113 Cal. 482 [45 Pac. 809, 810] and *Haley* v. *Santa Fe Land Imp. Co.,* 5 Cal. App. (2d) 415 [42 P. (2d) 1078]. We may further add that it appears impossible to determine the theory of plaintiff's fourth amended complaint because of the jumble of allegations found therein and because of the confusion which results from the promiscuous incorporation by reference of allegations from one count thereof to the other. The pleading falls short of complying with the "stringent rules of pleading" which must be observed by a plaintiff who seeks to toll the running of the statute of limitations upon the theory of a fraudulent concealment.

The judgments appealed from are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 27, 1942. Carter, J., voted for a hearing.