[Civ. No. 12172. First Dist., Div. Two. Jan. 26, 1943.]

Estate of ALMA ELIZABETH BLACK, Deceased. EDWARD M. MURPHY et al., Appellants, v. NATHAN S. HOUSMAN et al., Respondents.

Tobin & Tobin and Francis W. Murphy for Appellants.

John J. Taaffe, Keyes & Erskine, J. Benton Tulley and Howard E. Gawthrop for Respondents.

NOURSE, P. J.—All the named plaintiffs appeal from a judgment striking from the files and dismissing amended contest of will and petition for order revoking probate of will, and three of the named plaintiffs appeal from a judgment denying their motion for an order permitting them to file an amended contest of the will, and a petition for an order revoking probate. Both appeals are presented on a single bill of exceptions.

Alma E. Black died testate on July 23, 1939. Nathan S. Housman, chief legatee and executor, offered her last will for probate on August 4, 1939. Katherine Black and Frances Goepfert, surviving sisters of decedent's husband, filed a contest before probate, but a compromise was effected with Housman whereby he renounced his right to serve as executor, and assigned his interest as a legatee. Katherine Black was appointed as administratrix when the will was admitted to probate on February 7, 1940. A purported contest of the will and a petition for an order revoking probate was filed by the plaintiffs on July 26, 1940. An amendment to this purported contest was filed by them on August 19, 1940. The order striking these two documents from the files is the subject of the first appeal. The second appeal relates to an order denying the application of three only of the named plaintiffs for leave to file a second amended contest and petition for the revocation of the probate of the will. This application, made November 19, 1940, was denied March 21, 1941.

The appellants concede that the first pleading by which they sought to contest the will was faulty, but they contend that the question went only to the running of the statute

of limitations. If this were true it would end the controversy. But the pleading was more than faulty. It did not state any cause of action either as a contest of the will, or as a petition to revoke probate. The question in these proceedings is one going directly to the jurisdiction of the probate court to entertain a purported contest of a will which does not comply with statutory restrictions.

We will first consider the document as one to contest the will. It alleged that the only living relatives of the decedent were the plaintiffs who were described as three first cousins of the deceased, six first cousins once removed, and four others whose relationship could not be determined. Following the allegations relating to heirship the petition pleads an assignment to Housman executed by decedent about one month before her death, an agreement by Housman to give some unnamed persons some of this stock, and that Housman had kept the decedent under his domination for a period of ten years through the use of narcotics. It then pleaded that the court was without jurisdiction to admit the will to probate because "no proof was made or offered that said decedent did or did not leave her surviving heirs at law, and no proof was made or offered that notice of the time and place of the hearing of the petition for the probate of said will was given to the heirs of the testator."

The statutory law covering proceedings to contest a will is clear. Section 380 of the Probate Code provides that an interested party may "at any time within six months after such probate, contest the same. . . . " Section 384 of the same code provides that if no contest is made "within the time specified in this article, the probate of the will is conclusive. . . . " Section 371 of the same code provides that "Any issue of fact involving the competency of the decedent to make a last will and testament, the freedom of the decedent at the time of the execution of the will from duress, menace, fraud, or undue influence, the due execution and attestation of the will, or any other question substantially affecting the validity of the will, must be tried by a jury. . . . "

The document under discussion does not purport to come within the terms of this section. At most it attacks the jurisdiction of the court to admit the will to probate, and the prayer of the petition indicates that such was what the petitioners were really seeking to attack. But, as a contest of the execution of the will, it was nothing but a useless paper.

Hence, the proposed amendment filed after the statute had run was not an amendment but a substitution of a new cause of action. This amendment having been filed after the probate had become conclusive (§ 384) the court was without jurisdiction to entertain it. In *Pagett* v. *Indemnity Insurance Co.*, 54 Cal.App.2d 646, 649 [129 P.2d 700], this court cited the recent cases upon the subject of amendments of this type, saying: "It is well settled that a new and different cause of action may not be set up in an amended complaint and that the trial court should grant a motion to strike an amended complaint which sets up an entirely new and different cause of action. (See *Groom* v. *Bangs,* 153 Cal. 456 [96 P. 503] ; *Altpeter* v. *Postal Telegraph-Cable Co.,* 26 Cal.App. 705 [148 P. 241] ; *Union Lumber Co.* v. *J. W. Schouten & Co.,* 25 Cal.App. 80 [142 P. 910] ; 21 Cal.Jur. 199.)" Earlier cases relating particularly to probate proceedings are *Estate of Ricks,* 160 Cal. 467, 473 [117 P. 539] ; *Estate of Sheppard,* 149 Cal. 219, 221 [85 P. 312].

Summarizing the foregoing we conclude that the paper filed within the statutory period was confined to an attack upon the procedure relative to the probate of the will—it alleged no grounds for a contest of the execution of the will. The purported amendment stated a new cause of action, one to contest the will upon grounds not theretofore pleaded. Having been filed after the statutory period the court was without jurisdiction to entertain it because the probate of the will was then conclusive.

These views dispose of the second appeal—from the order denying the petition of three of the plaintiffs to file an amended contest. This proposed amendment pleaded different grounds of contest from any theretofore pleaded and, as said in *Estate of Ricks,* 160 Cal. 467, 473 [117 P. 539], such an amendment is not permissible unless filed within the statutory time allowed for a contest of the will.

There remains to be considered the original petition to revoke the probate of the will upon alleged jurisdictional grounds. It will be noted that in the amended petition filed August 19, 1940, no effort was made to correct the defects of the original petition, but the appellants rested on their allegation that "no proof was made" of the surviving heirs, and that "no proof was made" that such heirs had been given the statutory notice of the petition to probate the will. Section 326 of the Probate Code provides that the petition for

probate of will shall state the names of the heirs of the deceased "so far as known to the petitioner." Here the petitioner alleged that there were no heirs known to him. Section 328 of the same code provides that, before the hearing, notice thereof must be served upon the heirs of the testator and the devisees and legatees named in the will. The order admitting the will to probate recites that notice of the hearing had been duly . given as required by law. This recital is conclusive against any collateral attack. The petition to revoke probate of the will did not attack this finding. By failing to plead that they had in fact received no notice the petitioners admitted the finality of the finding that such notice was duly given. To allege merely that no proof was made as to who the heirs were, and that no proof was made that notice had been served is but a collateral attack upon the finding.

This same controversy was so fully covered in the recent decision of the Supreme Court in *Westphal* v. *Westphal,* 20 Cal.2d 393, 398 [126 P.2d 105], that it would seem unnecessary to add anything here. In that case it was said at page 398 : "In the absence of an allegation that plaintiffs did not receive proper notice of the proceedings it must be presumed that they received such notice in accordance with the statutory requirements effective at that time . . . So long as plaintiffs received notice, however, a failure to make proof of such notice would not deprive the court of jurisdiction or prevent the plaintiffs from presenting their case."

In *Nicholoson* v. *Leatham,* 28 Cal.App. 597, 602 [153 P. 965, 155 P. 98], in reference to the pleading that the heirs were unknown, the court said: "Where, however, the petition is silent as to the names and residences of heirs, they must be deemed by the clerk to be unknown to the petitioner, and hence he is not required to mail copies of the published notice; nor is any further proof than that of the publication of the notice necessary as a prerequisite to the making of the order. Since it appeared from the petition that the names and residences of heirs were unknown to the petitioner, no duty devolved upon the clerk to mail copies of the published notice to anyone, and the validity of the order made was unaffected by his failure so to do."

For these reasons we conclude that the petition to set aside the probate of the will failed to state a cause of action. The proposed amendment to the contest of the will omitted all reference to the procedure leading to the probate, and no re-

quest was made for leave to amend in that particular. If a demurrer to the petition had been interposed, instead of a motion to strike, it must have been sustained. If there may have been an error in procedure in this respect, as appellants contend, it was not such an error as has resulted in a miscarriage of justice. ▉ The appellants concede by their pleadings that they had actual notice within due time, and seem to have abandoned their attack upon the procedure when they filed their proposed amendment to the petition. The denial of leave to file this proposed amendment is the meat of this appeal. It attempted to substitute a contest of the execution of the will for a contest of the procedure of the probate of the will. These proceedings are so different in both form and substance that the substitution of the one for the other is a substitution of a new and different cause of action.

The judgments are affirmed with costs to respondents.

Spence, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 25, 1943.